UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAUL GREGORY WILES

v.  Case No: 8:13-cv-1507-T-24TGW
 Case No.: 8:11-cr-67-T-24TGW
UNITED STATES OF AMERICA.
_____/

# ORDER

This cause is before the Court on Petitioner Paul Gregory Wiles' 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence. In the motion, Petitioner raises nine grounds of ineffective assistance of counsel, including that trial counsel was ineffective for failing to file a notice of appeal (Ground One). The § 2255 motion is timely, having been signed by Petitioner on June 3, 2013 and filed with the Court on June 10, 2013. Petitioner pled guilty to possession of a firearm by a convicted felon, conspiracy to possess with intent to distribute methamphetamine, and possession of a firearm in furtherance of a drug trafficking crime. On June 6, 2012, he was sentenced to 240 months of imprisonment.

Petitioner entered an open plea, rather than pleading pursuant to a plea agreement. At the change of plea hearing, Wiles stated that he and his attorney had talked about a plea agreement which would have significantly limited his right to appeal but that he wished to go forward without one. It has been this Court's experience that a claim of ineffective assistance of counsel for failure to file an appeal must be brought before this

Court at considerable expense and inconvenience to the United States Marshals Service who must transport the Petitioner from his place of incarceration, as well as the United States Attorney's Office, which must utilize its overstretched resources by having an Assistant United States Attorney respond to the motion and later prepare for and attend a hearing.

In light of the foregoing, the Court concludes that the interest of judicial economy would be best served by granting the motion to vacate, but only to the extent that Petitioner will be afforded an out-of-time appeal pursued by appointed counsel. In doing so, the Court will utilize the procedure mandated by the Eleventh Circuit in *United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000). The Court emphasizes that this determination to grant Petitioner a belated appeal in his related criminal case is made only in the interest of judicial economy and is not to be construed as a determination on the merits that trial counsel was in any manner ineffective in his representation of Petitioner in the prior criminal proceedings.

Accordingly, the Court orders:

1. Petitioner's motion to vacate is **GRANTED**, but only to the extent that Petitioner may file a belated appeal in the related criminal case.
2. The Court will enter an order in the related criminal case that vacates the original judgment and imposes the identical sentence in a new judgment.
3. The Clerk is directed to enter judgment in favor of Petitioner in the civil case and to close the civil case.

**DONE AND ORDERED** at Tampa, Florida, this 25th day of June, 2013.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Petitioner